JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-10726 PA (PLAx) | Date | December 19, 2012 |
|---|---|---|---|
| Title | Bruce Berwager v. Warren E&P, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Warren E&P, Inc. and Warren Resources, Inc. ("Defendants") on December 14, 2012. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Bruce Berwager ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Defendants alternatively allege that this Court has jurisdiction based on the Court's federal question jurisdiction as a result of ERISA preemption. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-10726 PA (PLAx) | Date | December 19, 2012 |
|---|---|---|---|
| Title | Bruce Berwager v. Warren E&P, Inc., et al. | | |

The Notice of Removal alleges that "Plaintiff has alleged that he 'at all relevant times has been a resident of the County of Santa Barbara, State of California.' (Complaint, ¶ 1). Plaintiff therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California." (Notice of Removal, ¶ 9.) As the Notice of Removal indicates, the Complaint only alleges Plaintiff's residence. Defendants' allegations of Plaintiff's citizenship, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Here, Defendants contend that although Plaintiff's Complaint contains only state law claims for breach of contract and breach of the covenant of good faith and fair dealing, those claims are preempted by ERISA sections 502(a) and 514(a) because, during the course of Plaintiff's employment, Defendants maintained 401(k) and benefit plans governed by ERISA. According to Defendants, because Plaintiff's Complaint "seeks remuneration for these lost benefits," Plaintiff's claims are preempted by ERISA and, as a result, this Court possesses federal question jurisdiction over the action.

In Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941 (9th Cir. 2009), the Ninth Circuit explained the analysis that district courts should apply to Notices of Removal relying on ERISA preemption. According to the Ninth Circuit, under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. In applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA. Id. at 949-50.

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10726 PA (PLAx) | Date | December 19, 2012 |
|---|---|---|---|
| Title | Bruce Berwager v. Warren E&P, Inc., et al. | | |

　　　In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA.  Id. at 945.  While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id.  As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

　　　A review of Plaintiff's Complaint establishes that he is suing for breach of an employment contract, and although some portion of his damages may relate to pension and health benefits governed by ERISA, the majority of the damages Plaintiff seeks appear to relate to Defendants' failure to pay salary and refusal to transfer shares to Plaintiff.  See Complaint, ¶ 6 ("The employer, WARREN, refuses to pay salary, benefits, and perquisites owed to BERWAGER pursuant to the clear and express terms of WARREN's own agreement.").  Based on these allegations, the Court cannot conclude that Plaintiff's claims "are entirely encompassed by § 502(a)."  Marin, 581 F.3d at 945.  Here, according to the Complaint, the employment contract between Plaintiff and Defendants creates an "independent legal duty that is implicated by the defendant's actions" that precludes complete ERISA preemption.  Id.  Therefore, § 502(a)'s complete preemption analysis does not apply.

　　　The Court therefore concludes that Defendants' Notice of Removal has inadequately alleged that all of Plaintiff's claims are completely preempted by ERISA.  Nor have Defendants' met their burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC494378.  See 28 U.S.C. § 1447(c).

　　　IT IS SO ORDERED.